UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

COMPULIFE SOFTWARE, INC.,                    CASE NO.: 09:16-CIV-80808-RLR

      Plaintiff,

vs.

BINYOMIN RUTSTEIN a/k/a BEN
RUTSTEIN, DAVID RUTSTEIN a/k/a
DAVID GORDON a/k/a BOB GORDON
a/k/a NATE GOLDEN and JOHN DOES
_____
COMPULIFE SOFTWARE, INC.,                    CASE NO.: 09:16-CIV-81942-RLR

      Plaintiff,

vs.

MOSES NEWMAN, AARON LEVY,
DAVID RUTSTEIN a/k/a DAVID
GORDON a/k/a BOB GORDON
a/k/a NATE GOLDEN and BINYOMIN
RUTSTEIN a/k/a BEN RUTSTEIN,

      Defendants.
_____/

**DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS**

     Defendants, BINYOMIN RUTSTEIN, DAVID RUTSTEIN, MOSES NEWMAN and

AARON LEVY, file this their Motion for Attorney Fees and Costs pursuant to 17 U.S.C. §705, 15

U.S.C. §1117(a), 18 U.S.C. §1836(b)(3)(D), Fla. Stat. §688.005, Fla. Stat. §668.804, Fla. Stat.

§501.2105(1), FRCP 68(d) and Local Rule 7.3, and move for an award of costs and fees totaling

$120,075.25 as set forth herein.

Case Nos: 16-80808
16-81942

## INTRODUCTION

On May 23, 2016, Plaintiff, Compulife Software, Inc., ("Compulife") filed the '08[1] case against Defendants, Binyomin Rutstein and David Rutstein, for violations of the Copyright Act, the Defend Trade Secret Act ("DTSA"), the Florida Uniform Trade Secret Act ("FUTSA"), the Florida Deceptive and Unfair Practices Act ("FDUPTA") and the Lanham Act, as well as various common law claims.  On December 2, 2016, Compulife filed the '42 case against the Rutsteins as well as Defendants, Aaron Levy and Moses Newman, for the same violations exclusive of the FDUPTA claim and inclusive of a claim for violation of the Florida Computer Abuse and Data Recovery Act ("CADRA").

The consolidated cases were tried by Magistrate Judge James Hopkins beginning on October 3, 2017 and concluding on October 6, 2017 with a subsequent evidentiary hearing on January 24, 2018.  On March 12, 2018, Judge Hopkins issued his decision finding in favor of Defendants on all counts in both the '08 case and '42 case.  (08 DE 224).  Therefore, Defendants are the prevailing parties on all counts in the consolidated cases.

---

[1] Defendants will refer to Case No. 9:16-CV-80808-JMH as '08 and 9:16-CV-81942-JMH as '42 herein.  Docket entries for each case will be referenced as (08 DE XX) or (42 DE XX).  Plaintiff's Exhibits will be referenced by PE and the exhibit number.  Defendants' Exhibits will be referenced by DEx (so as not to confuse with DE for docket entries) followed by the exhibit number.  The transcripts of the bench trial and subsequent hearing will be referenced as Tr. followed by the docket entry (DE) and the page number as set forth in the Court's header.  The transcripts have been filed in the '42 case at DE 192, 193, 194, 195, 196, 197 and 214.

2

Case Nos: 16-80808
16-81942

### MEMORANDUM OF LAW

As the prevailing parties, Defendants move this Court to award Defendants the attorney fees and costs expended in defending against Compulife in these consolidated cases.  Judge Hopkins found that Compulife has a valid copyright in its 2010 HTML Source Code ("Source Code") and that Compulife's Transformative Database is a trade secret of Compulife.  However, Judge Hopkins found in every count that Compulife woefully failed to demonstrate the elements necessary to meet its burden.  Specifically, Judge Hopkins found that Compulife failed to demonstrate any protectable or meaningful portion of its copyright infringed upon by Defendants, failed to prove that Defendants improperly used or acquired its Transformative Database and failed to show any evidence to support a claim under the Lanham Act, CADRA and FDUPTA.  Because Judge Hopkins details Compulife's complete lack of evidentiary proof to support its claims, Defendants are entitled to an award of attorney fees and costs as set forth herein.

### I.   DEFENDANTS' ENTITLEMENT TO ATTORNEYS FEES AND COSTS AS THE PREVAILING PARTIES

Defendants seek an award of fees totaling $101,175.00 and costs totaling $18,900.25 for the consolidated cases and are entitled to the award pursuant to 17 U.S.C. §705, 15 U.S.C. §1117(a), 18 U.S.C. §1836(b)(3)(D), Fla. Stat. §688.005, Fla. Stat. §668.804, Fla. Stat. §501.2105(1), FRCP 68(d).

#### A.   The Copyright Act

Pursuant to 17 U.S.C. §505, this Court, in its discretion, may award full costs, including reasonable attorney fees, to the prevailing party.  In considering whether fees and costs should be

granted, this Court must weigh the relevant factors and exercise its discretion. *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999). "These factors include frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (*citing Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S.C. 1023, 1033 n. 19 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir.1986))). Courts are not required to weigh all the factors in reaching its decision as long as a court's decision is "faithful to the purposes of the Copyright Act" as well as applied evenly to prevailing plaintiffs and defendants." *Kernel Records Oy v. Mosley*, No. 09-21597, * 13 (S.D. Fla. 2013); *See also MiTek Holdings, Inc.,* 198 F.3d 842. However, "[w]here a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees to the defendant is very strong." *Katz v. Chevaldina*, 127 F.Supp.3d 1285, 1297 (S.D. Fla. 2015).

Compulife's entire copyright infringement claims in both the '08 and '42 cases were based on four (4) portions of the Source Code that only collectively appeared within one NAAIP.org website at trial. (P.E. 173). Compulife hoped that the Court would assume that because it appeared on one website, all 7,800 NAAIP.org websites must be infringing. However, the Court found that Compulife failed to show how those four (4) portions were meaningful to Compulife's software as required to prove its case. (08 DE 224, p. 33).

The Eleventh Circuit Court of Appeals has repeatedly found that to prove copyright infringement "the plaintiff also must establish specifically that the allegedly infringing work is substantially similar to the plaintiff's work with regard to its protected elements." *Leigh v. Warner*

4

Case Nos: 16-80808
16-81942

*Brothers Inc.*, 212 F.3d 1210, 1214 (11ᵗʰ Cir. 2000); *see also Medallion Homes Gulf Coast, Inc. v. Tivoli Homes of Sarasota, Inc.*, No. 15-1539, *3-4 (11ᵗʰ Cir. 2016); *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1327 (11ᵗʰ Cir. 2016) *MiTek Holdings, Inc.*, 89 F.3d at 1553-1554; *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11ᵗʰ Cir. 1996). "Even in the rare case of a plaintiff with direct evidence that the defendant attempted to appropriate his original expression, there is no infringement unless the defendant succeeded to a meaningful degree." *Leigh*, 212 F.3d at 1214.  Judge Hopkins found that Compulife presented no direct evidence at trial that any copied portions of its Source Code were  protectable or meaningful aspects of the Source Code. (08 DE 224, p. 32). Where a plaintiff's case lacks evidentiary support, the claim lacks objective reasonableness, as in this case. *Id.*, at 1298 (citing *Amadasun v. Dreamworks, LLC*, 359 F.Supp.2d 1367, 1375–76 (N.D.Ga.2005)).

Additionally, Compulife's motive for pursuing its copyright infringement claims was also not authentic.  Compulife did not seek protect its expression of ideas, but rather to suppress NAAIP.org's ability to offer a life insurance quote engine on free websites that Compulife perceived to be a direct threat to its business.  Compulife offers free four (4) month trials of its software.  (Tr. 113:25-114:7).  Mr. Barney testified at trial that trial users of the Web Quoter have Compulife's Source Code integrated into the user's website.  (Tr. 42 DE 196, p. 29:13-17.)  Once the trial period expires, the connection between the Web Quoter and Compulife's software is terminated.  (Tr. 42 DE 193, p. 43:2-4).  Compulife has never once required a trial user to remove the Source Code from its website once the trial was over. (Tr. 42 DE 196, p.29:18-21).  Notwithstanding, Mr. Barney has sued Defendants for just that.  In fact, Compulife only obtained its copyright registration for the

5

Source Code on May 29, 2015, shortly **after** the connection between NAAIP.org and the VAM dB was terminated, just so Compulife could sue Defendants for copyright infringement. (P.E. 153).

Compulife also learned only a few months after filing its '08 case that Brian McSweeney, the owner of MBM LifeQuotes, Inc., with the help of Compulife's Chief Operating Officer, Jeremiah Kuhns, actually gave David Rutstein the Source Code to communicate with Compulife's software on VAM dB's server. (Dex 1; Dex 4; 42 Tr. DE 193, pp. 71:13-72:4; 73:17-74:16; 42 Tr. DE 194, p. 29:21-30:2; 42 Tr. DE 196, pp. 56:11-19; 59:5-16; ). Notwithstanding, Compulife continued its action for copyright infringement against Defendants in the '08 case and even filed a second action in the '42 case. Based upon the foregoing, Compulife's motivation was to use the copyright claim to prevent users for signing up for NAAIP.org websites which Compulife perceived as a threat to its business. Where a plaintiff uses copyright infringement actions for purposes other than fostering ideas and expressions, its motivations are improper. *See Katz*, 127 F.Supp.3d at 1299-1300 (finding plaintiff sought copyright protection for photograph to suppress defendant's free speech). *See also Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-80918, *6 (S.D. Fla. 2011) (awarding defendant fees and costs under the Copyright Act where plaintiff brought copyright infringement suit for anti-competitive purpose).

Finally, "the need to advance considerations of compensation and deterrence goes hand in hand with the inquiry into the reasonableness of the parties' positions." *Luken v. International Yacht Council, Ltd.*, 581 F.Supp.2d 1226, 1246 (S.D. Fla. 2008). In that regard, a party that pursues objectively unreasonable claims "should not be encouraged in such conduct and, in fact, should pay the attorney's fees associated with the prevailing party's resulting necessary prosecution or defense."

6

*Id.* In this case, Compulife's unreasonableness in pursuing an action against Defendants, combined with Compulife's obvious motivation to destroy NAAIP.org, demonstrates the fairness in awarding Defendants' costs including attorneys fees in defending against the copyright infringement claims in the '08 and '42 cases.

**B.      The Lanham Act**

The Lanham Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. §1117(a).  "Exceptional cases" is not defined within the Lanham Act, however, this Court has previously determined that bad faith is not required to find "exceptional cases" to warrant an award of fees. *Vital Pharmaceuticals v. American Body Bldg.*, 510 F.Supp.2d 1043, 1052 (S.D. Fla. 2007).  One of the purposes of the fee provision in the Lanham Act is to "afford protection 'against unfounded suits brought by trademark owners for harassment and the like.'" *Id*. at 1045 (citing *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 524 (D.C.Cir.1985)).

Judge Hopkins stated in his decision that "[n]either Complaint specifies which type of Lanham Act claim Plaintiff purports to bring."  (08 DE 224, p. 45).  Judge Hopkins assumed that Compulife must have been seeking a false advertisement claim, but noted that Compulife "does not explicitly identify which advertisements form the basis of its unfair competition claims."  (08 DE 224, p. 46).  Given Compulife's lack of clarity, it is obvious the Lanham Act claim was filed with no real basis, just a presumption of guilt by Compulife.  This Court has found an "exceptional case" to warrant an award of fees where a Lanham Act claim was brought with no evidence by the plaintiff to support it and the plaintiff had anti-competitive motives. *See Miller's Ale House, Inc.,* No. 09-

Case Nos: 16-80808
16-81942

80918 at 5.

In this case, Compulife made no attempt at trial to prove a claim under the Lanham Act.  To state a claim under the Lanham Act for "false advertising," the moving party must show (1) the ads of the opposing party were false or misleading, (2) the ads deceived, or had the capacity to deceive, consumers, (3) the deception had a material effect on purchasing decisions, (4) the misrepresented product or service affects interstate commerce, and (5) the [plaintiff] has been—or is likely to be—injured as a result of the false advertising.  *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002).  Specifically, Compulife was unable to demonstrate that any actions of Defendants had a material effect on customers' purchasing decisions or that Compulife has been injured.  Compulife's own data submitted at trial was that in the course of five (5) years, Compulife was only able to show 66 of its "users[2]" to have also appeared on NAAIP.org's customer list produced in discovery.  (P.E. 549).  Compulife's own records also demonstrated that the number of conversions from 4 month user trials to actual paying customers has steadily increased since 2014.  (P.E. 546).  Clearly, Compulife had no evidence to support any part of its Lanham Act claim, but filed it anyway due to Compulife's perception that NAAIP.org was a competitor.  As a result, this Court should find this as an "exceptional case" warranting an award of attorney fees and costs to Defendants.

---

[2]  At trial Mr. Kuhn testified that of those 66 "users," most never even converted to paying customers of Compulife.  Mr. Kuhn also did not know when any of the 66 "customers" left Compulife in relation to signing up with NAAIP.org.  (Tr. 42 DE 193, pp. 75:21-76:11; 77:23-78:3).

8

Case Nos: 16-80808
16-81942

### C.      DTSA and FUTSA

Pursuant to the DTSA, a court may award reasonable attorney fees to the prevailing party if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence.  18 U.S.C. §1836(b)(3)(D).  FUTSA also provides that the court may award reasonable attorney fees to the prevailing party if "a claim of misappropriation is made in bad faith."  Fla. Stat. §688.005.  Compulife's claims under both DTSA and FUTSA were brought in bad faith because Compulife sought trade secret protection for its quotes that were readily available without restriction on Compulife's term4sale.com website.  (Tr. 42 DE 192, pp. 40:21-41:1; 196, 70:4-8).  *See generally, XTec, Inc. v. Hembree Consulting Servs., Inc.*, No. 14-21029 (S.D. Fla. 2016)*; NPA Assocs., LLC v. Lakeside Portfolio Mgmt*, LLC, No. 13-23930 (S.D Fla. 2014)*; Hennegan Co. v. Carlos Arriola & Grafika Grp., LLC*, 855 F.Supp.2d 1354 (S.D.Fla. 2012).  Compulife failed to reasonable protect those quotes so as to afford them trade secret protection, yet sued Defendants for misappropriation of those same quotes.

Additionally, Compulife knew at all times relevant hereto that the only access that Defendants had to its Transformative Database was through VAM dB and that Defendants never actually acquired the Transformative Database.  (Tr. 42 DE 194, pp. 31:17-32:3; 196, pp. 25:14-19; 56:12-19).  Further, Compulife argued at trial that its licensing agreements with both VAM dB and Mr. McSweeney and/or MBM LifeQuotes, Inc.[3] imputed a duty on Defendants not to use the

---

[3]  As Judge Hopkins correctly noted, Compulife did not establish whether Brian McSweeney, individually, or MBM LifeQuotes, Inc. had a licensing agreement in place with Compulife at the time that David Rutstein was given access to VAM dB.  Mr. Kuhn testified he believed MBM LifeQuotes, Inc. had a personal edition of Compulife software, but when asked,

9

Transformative Database.  However, Compulife admittedly did not sue its existing long-time customer, VAM dB.[4]  (Tr. 42 DE 196, p. 58:9-14).  Again, Compulife chose to sue Defendants, as perceived competitor, rather than its own long-standing customer who freely gave access to Compulife's Transformative Database.  Compulife's pursuit, based on its anti-competitive goals and knowledge that Defendants had not misappropriated its trade secrets, was filed in bad faith.  Accordingly, Defendants are entitled to an award of fees under both DTSA and FUTSA.

### D.   CADRA

CADRA states that "[a] court **shall** award reasonable attorney fees to the prevailing party in any action arising under this part." Fla. Stat. §668.804 (emphasis added).  Compulife sued Defendants under CADRA in the '42.  Judge Hopkins found that Compulife completely failed to identify any theory it was pursuing under CADRA and failed to provide any evidence to support any theory under CADRA.  As the prevailing party, Defendant must be awarded their attorneys fees under CADRA.

### E.   FDUPTA

Finally, FDUPTA allows for an award of reasonable fees and costs to the prevailing party. Fla. Stat. §501.2105(1).  Again, Judge Hopkins found that Compulife failed to demonstrate any violations of FDUPTA whatsoever by Defendants.  Accordingly, Defendants reserve their right to

---

Mr. McSweeney testified that *he* agreed to Compulife's licensing agreement. (Tr. 42 DE 193, p. 70:4-6; Tr. 42 DE 194, pp. 5:6-7; 24:2-13).

[4] Compulife did ultimately sue Mr. McSweeney and MBM LifeQuotes, Inc. almost a year after the '08 case was filed, but only upon amending its complaint for RICO conspiracy.

Case Nos: 16-80808
16-81942

pursue fees under FDUPTA upon expiration of the period to appeal the Final Judgment or upon

exhaustion of all appeals in connection with these cases.

**F.      FRCP 68(d)**

On August 18,2017, Defendants served Offers of Judgment in both the '08 and '42 cases,

copies of which are attached hereto as Composite Exhibit "A" and incorporated herein by reference.

Pursuant to FRCP 68(d), should the offeree obtain a judgment less favorable than the unaccepted

offer, the offeree **must** pay the costs incurred by the offeree after the date the offer was made.  The

costs will include attorney fees if the underlying statute for a specific cause of action provides for

same.  *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) (finding attorney fees to be included

as costs because proscribed as such in 17 U.S.C. §505).  The Copyright Act specifically provides that

"the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

17 U.S.C. §505.  Therefore, at a minimum, Defendants are entitled to an award of fees and costs

from August 18, 2017 to the present as a result of Compulife's failure to accept the Offers of

Judgment filed in the '08 and '42 cases.

**II.      REASONABLENESS OF FEES AND COSTS**

**A.      ATTORNEY FEES**

Defendants each individually retained Allison L. Friedman, Esq. on an hourly basis at the rate

of $250.00 an hour.  Each Defendant executed a retainer agreement in their individual capacity.  The

hourly rate remained constant throughout the duration of the litigation and continues to remain at

$250.00 an hour.  Defendants have always been and continue to be invoiced collectively.

Allison L. Friedman, Esq. is the only attorney to have worked on behalf of Defendants in

11

these cases.  Allison L. Friedman, Esq. graduated from New York University School of Law in May

of 1995 and has been practicing commercial litigation consistently since September of 1995.  Allison

L. Friedman, Esq. charges an hourly rate between $250.00 to $400.00.  She has no specialized

experience in copyright law, but has handled various litigation matters in Federal Court.

Defendants are seeking attorney fees in the amount of $101,175.00 and costs in the amount

of $18,900.25.  Attached hereto as Exhibit "B" is a statement of all the time spent by Allison L.

Friedman, Esq. in connection with these consolidated cases as well as the costs incurred.  The '08

case was filed in May of 2016 followed by the '42 case in December of 2016. Compulife sought a

preliminary injunction in the '42 case requiring an evidentiary hearing.  Compulife moved for

summary judgment in the '08 case requiring a response and hearing on same.  Compulife produced

over 68,000 documents responsive to discovery that were required to be housed with an e-discovery

service.  A number of the documents were repetitive and extraneous.  Allison L. Friedman, Esq. was

required to review all of those documents.

Compulife also originally asked for a jury trial.  As a result, Allison L. Friedman, Esq. was

required to prepare for a jury trial and prepare jury instructions, which, given the number of claims

and complexity of the claims in the consolidated cases, was no easy feat.  However, on the eve of

trial, Compulife pressured Defendants to waive trial by jury and offered to allow Binyomin Rutstein

to be excused from trial if Defendants agreed to a bench trial.  Defendants ultimately agreed because

of Binyomin Rutstein's religious restrictions.[5]  In total, Allison L. Friedman, Esq. spent 404.70 hours

---

[5] The trial was scheduled during Sukkot.  It should also be noted that Judge Hopkins has an extensive background in computer programming.  Once this Court made it clear that a bench

through April 30, 2018, which is hardly unreasonable in light of Compulife's filings and the documents produced.

### B.     COSTS

As the prevailing party, Defendants may obtain an award of costs under 17 U.S.C. §505 and Fla. Stat. §501.2105(1).  Defendants are also entitled to costs incurred under FRCP 68 from the date they filed their Offers of Judgment in the '08 and '42 cases, to wit: August 18, 2017.  Defendants have incurred costs of $18,900.00 for the consolidated cases.

Defendants incurred costs totaling $2,912.00 for electronic discovery storage as a result of Compulife's production of over 68,000 documents.  Defendants first used Precision Legal Services from January through March of 2017 and then used Cardinal Intellectual Property from June of 2017 through November of 2017.  Attached hereto as Composite Exhibit "C" are copies of the invoices for the document storage.[6]

Defendants incurred court reporter fees and transcript costs for two (2) deposition of Robert Barney totaling $3,056.60.  True and correct copies of the invoices are attached hereto as Composite Exhibit "D."  Defendants took one deposition on November 14, 2016, prior to the filing of the '42 case.  The second deposition took place on June 14, 2017 and was limited to the issues in the '42 case.

---

trial would be referred to the Magistrate Judge, Compulife pursued the waiver more fervently, even offering to excuse Mr. Rutstein from appearing at trial if Defendants would agree to the waiver.

[6] One Resource Group, Inc. was added to the account with Cardinal Intellectual for an additional $85.00 which appears on the invoices.  One Resource Group, Inc. paid for that use.

Defendants incurred costs of $593.00 for the transcript of David Rutstein's deposition in the '08 case and $1,808.60 for the transcript of Moses Newman's deposition in the '42 case. Copies of the invoices for same are attached hereto as Exhibits "E" and "F," respectively. Defendants incurred costs totaling $3,170.90 for the transcript[7] of Aaron Levy's deposition. Aaron Levy incurred costs of $4,127.50 for his video deposition. Copies of the invoices for Aaron Levy's deposition are attached hereto as Composite Exhibit "G."

Defendants incurred costs of $1,068.00 for the transcript of Compulife's Motion for Preliminary Injunction in the '42 case. A true and correct copy of the invoice is attached hereto as Exhibit "H." The parties agreed to split the cost of the transcript. Defendants also incurred costs of $747.60 for the transcript from the four (4) day bench. Copies of the invoices are attached hereto as Composite Exhibit "I." Finally, Defendants, Binyomin Rutstein and David Rutstein incurred costs of $1,345.00 for the mediation as evidenced by the invoice attached hereto as Exhibit "J."

Based upon the foregoing, Defendants seek an award of attorney fees totaling $101,075.00 and an award of costs totaling $18,900.25 for the consolidated cases.

---

[7] It should be noted that this Court ordered that the cost of the video deposition be born by Defendants because Aaron Levy was unable to travel to the trial. However, Compulife's counsel also ordered the transcript and misrepresented that Defendants were required to pay for the transcript without advising undersigned counsel or obtaining permission to do so. Fortunately, undersigned counsel was able to have that charge waived by the court reporting firm because of the court reporting company failed to verify with undersigned counsel.

Case Nos: 16-80808
16-81942

## VERIFICATION

STATE OF FLORIDA          )
                          ) :ss
COUNTY OF MIAMI-DADE      )

ON THIS DAY, personally appeared before me, the undersigned, an officer duly authorized

to administer oaths and take acknowledgments under the laws of the State of Florida, ALLISON L.

FRIEDMAN, ESQ., who after being first duly sworn, deposes and says as follows:

1.      That at all times relevant hetero, I have been the attorney for Defendants, BINYOMIN

RUTSTEIN, DAVID RUTSTEIN, MOSES NEWMAN and AARON LEVY, in these consolidated

cases.

2.      I have personal knowledge of the statements set forth in the Defendants' Motion for

Attorney Fees and Costs.

3.      The statements of fact within Defendants' Motion for Attorney Fees and Costs are

true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me this __9__ day of ___May_____, 2018 by
ALLISON L. FRIEDMAN, ESQ., who is personally known to me or who has
produced _Personally Known_ as identification.

_____
Notary Public, State of Florida
*Print Name*:
My Commission Expires:




Ashley Fenice
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF225993
Expires 4/30/2019

Case Nos: 16-80808
16-81942

## CERTIFICATION PURSUANT TO LOCAL RULE 7.3

In accordance with Local Rule 7.3(b), undersigned counsel states that the parties made a good faith effort to resolve the issues but were unable to do so given the present posture of this case and Plaintiff's pending Motion for New Trial for Purposes of Making New Findings of Fact, Amending Conclusions of Law, and to Direct the Entry of a New Judgment (08 DE 227; 42 DE 236).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of May, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Joel B. Rothman, Esq., Schneider Rothman, 4651 North Federal Highway, Boca Raton, Florida 33431, joel.rothman@sriplaw.com via transmission of Notices of Electronic Filing generated by CM/ECF.

By: s/ Allison L. Friedman
ALLISON L. FRIEDMAN, ESQ.
Fla. Bar No. 0055336
ALLISON L. FRIEDMAN, P.A.
20533 Biscayne Boulevard, Suite 4-435
Aventura, Florida 33180
(305) 905-2679 (Telephone)
(305) 692-9387 (Facsimile)
Ralfriedman@hotmail.com

16