## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

COMPULIFE SOFTWARE, INC.

Plaintiff,

v.

BINYOMIN RUTSTEIN a/k/a BEN
RUTSTEIN, DAVID RUTSTEIN a/k/a
DAVID GORDON a/k/a BOB GORDON
a/k/a NATE GOLDEN and JOHN DOES 1
TO 10,

Defendants.

CASE NO:  9:16-CV-80808-RLR

COMPULIFE SOFTWARE INC.,

Plaintiff,

v.

MOSES NEWMAN, DAVID RUTSTEIN,
BINYOMIN RUTSTEIN AND AARON
LEVY,

Defendants.

CASE NO.:  9:16-cv-81942-RLR

## PLAINTIFF'S MOTION FOR CLARIFICATION OR AMENDMENT OF FINAL ORDER AFTER TRIAL, POSTTRIAL BRIEF ON PREJUDGMENT INTEREST AND PROPOSED FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff COMPULIFE SOFTWARE INC. ("Compulife"), by and through its

undersigned counsel, hereby files this brief to explain its proposed post-judgment interest claim

in the proposed final judgment submitted for the Court's consideration, and to request

clarification or amendment of the Court's exemplary damages award in the Order entered after

trial, and to submit the attached proposed final judgment and permanent injunction, and in support states as follows:

1.      The court's Order entered after trial (ECF 314) awarded plaintiff actual damages for trade secret misappropriation. The Court computed plaintiff's damages as follows.

2.      First the Court determined that Compulife proved a total of $184,255.87 in actual damages by adding together the two amounts proven at trial that the defendants had received as a consequence of their trade secret misappropriation: $75,819.00 paid by to AWD for sales leads Mr. McSweeney "received from BeyondQuotes.com while Compulife's software and data were used on the website," (ECF 314 at 43) and "$108,406.87 that One Resource Group paid to AWD in commissions from sales of insurance policies by NAAIP.org members during the period of time that NAAIP used Compulife's software and data." (Id.)

3.      The Court then awarded Compulife multiple damages. The Court determined "Compulife has established that Defendants acted willfully and maliciously in misappropriating Compulife's trade secrets." (ECF 314 at 43). The Court recited evidence of the defendants' willful and malicious misappropriation, and then determined that "[b]ased on this evidence, I find that Compulife is entitled to exemplary damages under the FUTSA in an amount twice that of their actual damages." (ECF 314 at 43).

4.       The Court's use of the phrase "in an amount twice that of their actual damages" mirrors the language of FUTSA that provides "the court may award exemplary damages in an amount not exceeding twice any award" of actual damages. Fla. Stat. § 688.004(2). The Court quoted the exact language of the statute on the preceding page. (ECF 314 at 42).

5.      It appears that the Court may have believed that "an amount twice that of [Compulife's] actual damages" was equal to two times $184,255.87 or $368,451.71. If so, that

was incorrect because an award of exemplary damages in an amount two times Compulife's actual damages would have resulted in a total award of $552,707.61, i.e. Compulife's actual damages of $184,255.87 plus two times Compulife's damages or $368,451.71 equals $552,707.61. **In other words, treble damages.**

6.      The Court doubled Compulife's damages. The provision of FUTSA cited by the Court permits (and provides for) the trebling of damages. The identical provision is contained in the Defend Trade Secrets Act. Compare UTSA § 3(b) with 18 U.S.C. § 1836(b)(3)(C). Under the DTSA, "[c]ompensatory damages are calculated and then an additional award of exemplary damages (twice the amount of compensatory damages) may be awarded to the plaintiff. This, in effect, results in an award of *treble damages*." Halligan, Krotonski, Stevens & Toren, Defend Trade Secrets Act Handbook, § 6.04 (3d Ed. 2021)(emphasis added).

7.      If the court incorrectly doubled Compulife's damages instead of trebling Compulife's damages, then Compulife respectfully requests the Court correct its error in the judgment.

8.      The Court also awarded prejudgment interest. The decision states "Defendants shall be jointly and severally liable for damages in the amount of $368,451.71, plus prejudgment interest." (ECF 314 at 45). If the Court intended to award treble damages then this statement should be amended to impose joint and several liability for damages in the amount of $552,707.61.

9.      In the proposed final judgment submitted to the Court, Compulife has requested the Court award prejudgment interest computed at the Florida Statutory Rate set forth in Fla. Stat. § 55.03 since Compulife prevailed under FUTSA. Alternatively, Compulife requests the

Court award prejudgment interest compounded quarterly and computed at the prime rate, or as a third option as prescribed by 28 U.S.C. § 1961(a).

10.     With respect to the period from which prejudgment interest should run, plaintiff requests that prejudgment interest beginning August 18, 2011, the date of the email from Jeremiah Kuhn providing the Compulife HTML quoter code to David Rutstein (ECF 314 at 13, DX 4) and running through the date of the judgment, should be awarded.

11.     Alternatively, Compulife requests that prejudgment interest begin to run on April 9, 2015, the date Bob Barney of Compulife sent emails to support@naaip.org advising that NAAIP was using Compulife's software without permission or license and advising NAAIP to stop (ECF 314 at 15, PX 129) and running through the date of the judgment.

12.     Finally, as a last alternative, Compulife requests prejudgment interest begin to run on May 23, 2016, the date when the '08 case was first filed.

13.     With respect to the principal amount on which prejudgment interest should be computed, Compulife respectfully suggests that computing prejudgment interest on the total multiple damage award from the earliest date would be proper. While prejudgment interest is generally not added to punitive damages awards, where the award is for multiple damages pursuant to a statute, courts have awarded prejudgment interest thereon. See, e.g., *Midland-Guardian Co. v. United Consumers Club, Inc.,* 499 N.E.2d 792 (Ind. Ct. App. 1986) (stating that although the general rule in Indiana is that prejudgment interest is not recoverable on punitive damages, court distinguished between punitive damages and statutory multiple damages for purposes of the recoverability of prejudgment interest, and held that where a statute fixes the amount that can be recovered, such interest is recoverable on awards of treble damages.); *Lauder v. Peck*, 11 Conn. App. 161, 526 A.2d 539 (1987)(trial court did not err in trebling prejudgment

interest on its award to the plaintiff because prejudgment interest is part of the damages the plaintiff suffers, and because the applicable treble damages statute, C.G.S.A. § 52-564, calls for damages to be trebled, the court did not see that it was appropriate to make an exception excluding prejudgment interest from the trebled damages to assist a defendant found to have violated state law.)

14.     Here, the Court determined that the majority of the damages Compulife claimed from a dollars and cents perspective was speculative and could not be awarded. On April 9, 2015, the date the defendants were notified by Bob Barney to stop misappropriating his trade secrets, the fact that Compulife would be damaged ceased to be speculative to defendants.  They knew that their actions had consequences as of that date, and that the consequences were accruing. Therefore, prejudgment interest on the full amount of Compulife's damages as of that date should be awarded.

15.     Alternatively, prejudgment interest should run on the actual damages amount of $184,255.87 from August of 2011, and if the Court agrees that the remainder multiple damages amount should accrue prejudgment interest, that interest should run from April 9, 2015, the date the defendants were notified by Mr. Barney they were misappropriating Compulife's trade secrets, or May 23, 2016, the date the '08 case was filed.

16.     To assist the Court, Compulife has created a spreadsheet with three prejudgment interest scenarios based on the three different dates proposed and three different rates proposed. That spreadsheet is attached as an exhibit and will be provided to the Court by email to chambers.

Dated:  July 15, 2021                           Respectfully submitted,

                                    */s/ Joel B. Rothman*

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Compulife Software Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on July 16, 2021, a true and correct copy of the foregoing document was sent by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

*/s/Joel B. Rothman*
JOEL B. ROTHMAN

## SERVICE LIST

Allison L. Friedman, Esq.
**ALLISON L. FRIEDMAN, PA**
20533 Biscayne Boulevard
Suite 4-435
Aventura, FL  33180
305.905.2679 – Telephone
888.691.1248 – Telephone
305.692.9387 – Facsimile
ralfriedman@hotmail.com

*Counsel for Defendants*