**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

COMPULIFE SOFTWARE, INC.,                     CASE NO.: 9:16-CV-80808-BER

    Plaintiff,

v.

RUTSTEIN, ET AL.,

    Defendants.
_____/
COMPULIFE SOFTWARE, INC.,                     CASE NO.: 9:16-cv-81942-BER

    Plaintiff,

v.

RUTSTEIN, ET AL.,

    Defendants.
_____/
COMPULIFE SOFTWARE, INC.,

    Garnishor,

v.

GULISANO LAW, PLLC,

    Garnishee.
_____/

**GARNISHEE'S ANSWER TO WRIT**
**OF GARNISHMENT AND DEMAND FOR JURY TRIAL**

    Garnishee, Gulisano Law, PLLC (the "Garnishee"), pursuant to Fla. Stat. § 77.07, answers the writ of garnishment (ECF No. 329) issued in favor of Garnishor, Compulife Software, Inc. ("Compulife") and demands a jury trial pursuant to Fla. Stat. §77.08.

**ANSWER**

    1.    The Garnishee was *not* indebted to Defendants, Binyomin Rutstein, David Rutstein, Moses Newman, or Aaron Levy (collectively, the "Defendants") at the time of service of the writ or at any time since the filing of this Answer.

    2.    The Garnishee is not in possession or control of any tangible and intangible personal property of the Defendants at the time of service of the writ or at any time since the filing of this Answer.

    3.    The Garnishee does not know of any other person indebted to the Defendants or

who may have any of the Defendants' property in his or her possession or control.

4. Contrary to Compulife's assertions otherwise, this garnishment was sought to injure both the Judgment Debtors and the Garnishee in a misguided attempt to frustrate their attempts to appeal the judgment at issue.

5. Compulife has *no* reason based in law or fact to believe "that Garnishee possesses agreements, assets, effects or monies belonging to Judgment Debtors."

6. Compulife's "belief" that the Granishee "possesses an insurance policy benefiting Judgment Debtors" has no basis in law or fact.

7. The Garnishee demands that Compulife immediately pay $100.00 to the Garnishee pursuant to Fla. Stat. § 77.28.

8. The Garnishee retained the undersigned law firm and agreed to pay it a reasonable fee for its services herein and demands payment of that fee pursuant to Fla. Stat. § 77.28.

## DEMAND FOR JURY TRIAL

9. The Garnishee demands a trial by jury of all material facts in dispute pursuant to Fla. Stat. § 77.08.

**WHEREFORE**, the Garnishee respectfully requests the Court enter orders: (a) dissolving the writ of garnishment; (b) directing Compulife to pay the Garnishee the $100.00 compensation pursuant to Fla. Stat. § 77.28; (c) awarding the Garnishee attorney fees and costs incurred pursuant to Fla. Stat. § 77.28; (d) in the event Compulife denies any allegation made herein, setting this matter for a trial by jury pursuant to Fla. Stat. § 77.08; and (e) granting any other relief deemed just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on December 14, 2021 on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted by,

Gulisano Law, PLLC
5645 Coral Ridge Drive, Suite 207
Coral Springs, FL 33076
954-947-3972 – office
954-947-3910 – fax
michael@gulisanolaw.com – email

s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573